**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3757
_____

SYLVESTER EKWUNIFE,
                              Appellant

v.

CITY OF PHILADELPHIA; DISTRICT ATTORNEY PHILADELPHIA; HEBA GORE,
INDIVIDUALLY AND AS AN OFFICIAL; LAURA HAMMOND, INDIVIDUALLY
AND AS AN OFFICIAL; JOSEPH T. CARTER, INDIVIDUALLY AND AS AN
OFFICER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2-16-cv-00148)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 25, 2018
Before:  SHWARTZ, KRAUSE, and FISHER, Circuit Judges

(Opinion filed: December 7, 2018)
_____

OPINION*
_____

PER CURIAM

        Pro se appellant Sylvester Ekwunife appeals the District Court's dismissal of

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

several of his claims and its grant of summary judgment to defendants on his remaining claims arising out of his arrest and three-year detention based on allegations of sexual abuse that were later withdrawn. For the reasons that follow, we will affirm the District Court's judgments.

I.

Because we write primarily for the benefit of the parties, we will only recite the facts necessary for our discussion; these facts are undisputed unless otherwise noted. In December 2011, Sharon McFayden and her minor daughter K.R. reported that K.R. had been sexually abused by Ekwunife, K.R.'s step-grandfather. Defendant Detective Laura Hammond documented the complaint and arranged a forensic interview. An outside organization separately interviewed both K.R. and McFayden about the allegations and prepared a report summarizing K.R.'s description of the abuse and McFayden's account of what K.R. had told her. Following protocol, the interviews were watched by a caseworker from the Philadelphia Department of Human Services and a police officer; they were also taped for later viewing by a prosecutor from the Philadelphia District Attorney's Office.

Detective Hammond filled out an affidavit in support of an arrest warrant after the interviews were complete; she was not present at the interviews. She testified at a deposition that she based the affidavit on K.R.'s interview video, the written summary report from the outside organization, and a follow-up interview with McFayden. Detective Hammond wrote an affidavit of probable cause containing Ekwunife's correct name, social security number, and date of birth, but his race and gender were entered

2

incorrectly. This error was repeated on his arrest warrant. Detective Hammond appended text to his arrest report, noting the typographical error in his arrest report and requesting a correction. Defendant Police Officer Joseph Carter executed the arrest warrant when he arrested Ekwunife in February 2012.

Ekwunife alleges that he was incarcerated for nearly three years after that point, awaiting trial. On the morning of his trial in January 2015, K.R. recanted the majority of her allegations against him. The D.A.'s Office dropped the charges against him and he was subsequently released from incarceration within a week. According to a report by the Department of Human Services, K.R. stated that her mother had told her to conflate Ekwunife's actions with the actions of another relative who had raped her on several occasions and to say that Ekwunife had committed all of the abuse against her because she did not want to ruin the other perpetrator's life.

In January 2016, Ekwunife filed a complaint seeking damages for his arrest, prosecution, and incarceration. After his initial complaint and three amended complaints were dismissed, Ekwunife filed a fourth amended complaint, raising claims of due process violations, failure to train and supervise, malicious prosecution, false arrest, false imprisonment, failure to intervene, failure to investigate, conspiracy, and numerous state law claims. He brought his claims against Detective Hammond, Officer Carter, District Attorney Seth Williams, Former Assistant District Attorney Heba Gore, the City of Philadelphia, and the D.A.'s Office. All defendants but Hammond and Carter sought dismissal of this complaint, which the District Court granted with prejudice on March 24, 2017.

3

Ekwunife's claims against Hammond and Carter proceeded to discovery. On December 11, 2017, the District Court granted the remaining defendants' summary judgment motion. Ekwunife timely appealed and seeks review of several of the District Court's rulings.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decisions to grant defendants' motions to dismiss and for summary judgment. See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009); Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). In reviewing a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if there is sufficient evidence for a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Ekwunife challenges the District Court's resolution of five claims on appeal.[1] He claims that the District Court erred in dismissing his failure to train claim against the D.A.'s office and his malicious prosecution claim against defendant Gore. Ekwunife also challenges the District Court's grant of summary judgment for defendant Hammond on his false arrest and malicious prosecution claims and for defendant Carter on his failure to intervene claim.

First, we agree with the District Court that Ekwunife failed to properly plead a claim pursuant to 28 U.S.C. § 1983 against the D.A.'s Office for its alleged failure to train its prosecutors. "When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996). Thus, a plaintiff "must identify a custom or policy, and specify what exactly that custom or policy was" in order to establish municipal liability. See McTernan v. City of York, PA, 564 F.3d 636, 658 (3d Cir. 2009). However, Ekwunife failed to plead facts suggesting that any custom or policy was responsible for his alleged constitutional deprivation. He does not clarify this issue on appeal. Thus, Ekwunife's conclusory

---

[1] The District Court made numerous other rulings in its dismissal and summary judgment decisions, but as Ekwunife only raises several specific rulings in his appellate brief, he has waived any challenge to the District Court's other decisions. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal").

allegations regarding his failure to train claim against the D.A.'s Office are insufficient to survive dismissal.

We also conclude that dismissal of Ekwunife's malicious prosecution against defendant Gore in her individual capacity was correct. Ekwunife's claim against Gore was based on his allegations that she pursued a guilty plea from him after the victim had recanted her initial statement on the morning of his trial. However, prosecutors are entitled to absolute immunity from liability while acting "within the scope of [their] duties in initiating and pursuing a criminal prosecution." See Imbler v. Pachtman, 424 U.S. 409, 410 (1976). In this case, Gore is entitled to absolute immunity because "she was functioning as the state's 'advocate' while engaging in the alleged conduct that gives rise to the constitutional violation."[2] See Yarris v. Cty. of Delaware, 465 F.3d 129, 136 (3d Cir. 2006); see also Kulwicki v. Dawson, 969 F.2d 1454, 1465 (3d Cir. 1992) (noting that a prosecutor's use of "false testimony in connection with the prosecution is absolutely protected").

The District Court properly granted summary judgment for defendant Hammond on both Ekwunife's false arrest and malicious prosecution claims. For his false arrest claim, "[p]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."

---

[2] Although Ekwunife insists on appeal that his fourth amended complaint should be read to somehow imply that Gore "fabricated evidence" by "coaching" K.R., there are no such allegations present. See Appellant's Br. at ECF p. 7.

6

Wilson v. Russo, 212 F.3d 781, 789 (3d Cir. 2000).

As the District Court thoroughly explained, the record here indicates that probable cause existed as a matter of law because "the evidence, viewed most favorably to [Ekwunife], reasonably would not support a contrary factual finding." See Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788-89 (3d Cir. 2000). Although Ekwunife argues that Hammond should have known about issues with K.R.'s credibility, the record indicates that Hammond had multiple sources of evidence to support K.R.'s account against Ekwunife at the time she gave it; K.R. did not recant her allegations until years later. Additionally, minor typographic errors in Ekwunife's arrest warrant do not indicate that the warrant was invalid, where Ekwunife's identity was clearly identified by his name, address, age, and social security number. Cf. Groh v. Ramirez, 540 U.S. 551, 557 (2004) (concluding that a search warrant was facially invalid where "it provided no description of the type of evidence sought").

Hammond is also entitled to summary judgment on Ekwunife's malicious prosecution claim. A police officer can be liable for malicious prosecution where he or she "influenced or participated in the decision to institute criminal proceedings." See Halsey v. Pfeiffer, 750 F.3d 273, 297 (3d Cir. 2014). Again, as outlined by the District Court, the record does not indicate that Hammond knowingly — let alone maliciously — provided any misinformation to the D.A.'s office. See Gallo v. City of Philadelphia, 161 F.3d 217, 220 n.2 (3d Cir. 1998), as amended (Dec. 7, 1998) ("[A] § 1983 malicious prosecution claim might be maintained against one who furnished false information to, or concealed material information from, prosecuting authorities."). Thus, the District Court

correctly granted summary judgment for Hammond.

Finally, the District Court properly granted summary judgment to Carter on Ekwunife's failure to intervene claim. Even assuming that such a claim is proper under these circumstances, Carter's only involvement with Ekwunife was his execution of the arrest warrant. There is no evidence that Carter knew of any deficiency in the arrest warrant that would have required intervention. See Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002) ("If a police officer . . . fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983.").

Therefore, we will affirm the judgments of the District Court. Appellees' motion to seal appellant's brief and appendix is denied as presented. We will direct the Clerk's Office to seal the brief and appendix for twenty-five years, as they contain highly sensitive and personal information about an alleged child victim of sexual abuse who is not a party to this case. See L.A.R. 106.1(a); In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001).